UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

REED L. OVERMYER,

    Petitioner,      Case No. 1:25-cv-1799

v.             Honorable Ray Kent

RANDEE REWERTS,

    Respondent.

_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2).

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 8.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment."). Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.[1]

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has procedurally defaulted his federal constitutional claims. That procedural default bars the Court consideration of those claims unless Petitioner demonstrates "(1) cause for the default and actual prejudice, or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice." *Theriot v. Vashaw*, 982 F.3d 999, 1003 (6th Cir. 2020) (quoting *Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004)). Petitioner has failed to demonstrate cause or a fundamental miscarriage of justice; therefore, this Court's review of Petitioner's constitutional claims is barred.

## Discussion

### I. Factual allegations

Petitioner Reed L. Overmyer is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Following a one-day jury trial in the Eaton County Circuit Court, Petitioner was convicted of breaking and entering, in violation of Mich. Comp. Laws § 750.110, willful and malicious destruction of personal property, in violation of Mich. Comp. Laws § 750.377a(1)(b)(i), entering

3

without breaking, in violation of Mich. Comp. Laws § 750.111, and two counts of resisting and obstructing a police officer, in violation of Mich. Comp. Laws § 750.81d(1). On November 9, 2023, the court sentenced Petitioner to concurrent sentences of 6 to 15 years' imprisonment for each count.

Petitioner, with the assistance of counsel, directly appealed his convictions[2] and sentences. By opinion issued February 18, 2025, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. (ECF No. 1, PageID.2.) Petitioner failed to timely file an application for leave to appeal to the Michigan Supreme Court. (*Id.*, PageID.2, 4.)

On October 4, 2025, Petitioner filed his habeas corpus petition raising three grounds for relief, as follows:

I.      The evidence was insufficient to convict Mr. Overmyer of the charged offenses. At trial Mr. Hector testified that someone exited his travel trailer through a side window. At the preliminary examination, Hector admitted that he did not see Mr. Overmyer coming out through the window. Further, Hector believed his trailer was unlocked this time.

II.     The trial court failed to justify the 72 month minimum sentence imposed which was disproportionate [to] the offense and Mr. Overmyer. Mr. Overmyer does not dispute that his 72 month minimum falls within the guidelines range of 19–76 months (SIR). However, sentences must be proportional to the seriousness of the circumstances surrounding the offense and the offender.

III.    Trial Counsel Rendered Ineffective Assistance of Counsel. In Failing to Object On Insufficient Evidence, and Inconsistent Testimony of the Victim.

(Pet., ECF No.1, PageID.5–7.)

---

[2] Petitioner directly appealed his convictions for breaking and entering, entering without breaking, and destruction of property and his sentences; he did not appeal his convictions for resisting and obstructing. *People v. Overmyer*, No. 369053, 2025 WL 541690 at *1 n.1 (Mich. Ct. App. Feb. 18, 2025).

## II.  Exhaustion and Procedural Default

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Picard*, 404 U.S. at 277–78. With regard to procedure, the fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. *Olson v. Little*, 604 F. App'x 387, 402 (6th Cir. 2015) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,'...does not, for the relevant purpose, constitute 'fair presentation.'")); *see also Ogle v. Ohio Dep't of*

5

*Rehab. & Corr.*, No. 17-3701, 2018 WL 3244017, at *2 (6th Cir. Feb. 27, 2018); *Stokes v. Scutt*, 527 F. App'x 358, 363–64 (6th Cir. 2013).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39. The Court concludes that Petitioner failed to fairly present his federal constitutional issues to the Michigan Supreme Court because he presented them in a procedurally inappropriate manner. Therefore, Petitioner has failed to carry his burden of showing exhaustion. *See Rust*, 17 F.3d at 160 (6th Cir. 1994).

As the United States Court of Appeals for the Sixth Circuit has recognized:

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts.

*Id.* Petitioner's circumstance, therefore, is very similar to the circumstance facing Petitioner Boerckel as described in *O'Sullivan v. Boerckel*:

> Boerckel's amended federal habeas petition raised three claims that he had pressed before the Appellate Court of Illinois, but that he had not included in his petition for leave to appeal to the Illinois Supreme Court. There is no dispute that this state court remedy-a petition for leave to appeal to the Illinois Supreme Court-is no longer available to Boerckel; the time for filing such a petition has long passed. *See* Ill. Sup.Ct. Rule 315(b).

*O'Sullivan*, 526 U.S. at 848. The Supreme Court there concluded that "Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims." *Id.*

6

Now that Petitioner's direct appeal is complete, there is only one means of collaterally raising the issues Petitioner failed to raise in the Michigan Supreme Court. Under Michigan law, the only means of collaterally attacking a criminal judgment after completion of the direct appeal is by filing a motion for relief from judgment under Michigan Court Rule 6.502. *See People v. Watroba*, 483 N.W.2d 441, 442 (Mich. Ct. App. 1992) (stating "Subchapter 6.500 of the Michigan Court Rules establishes the procedures for pursuing postappeal relief from a criminal conviction. The subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process."). That subchapter of the Michigan Court Rules, however, does not permit a court to grant relief in every circumstance. For example, the trial court may not grant relief to the defendant if the motion "alleges grounds for relief which were decided against the defendant in a prior appeal." Mich. Ct. R. 6.508(D)(2). That is exactly the situation here with respect to Petitioner's grounds for relief. He presented the same issues in his direct appeal, and they were decided against him by the Michigan Court of Appeals.

The Court concludes, therefore, that Petitioner's failure to timely present his grounds for relief to the Michigan Supreme Court has resulted in a procedural default of those claims. The Court cannot consider the claims unless Petitioner establishes cause for his failure to timely present the issues to the Michigan Supreme Court and resulting prejudice or by showing that the Court's consideration is necessary to avoid a miscarriage of justice. *Bradshaw v. Richey*, 546 U.S. 74, 79 (2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991)); *see also Theriot*, 982 F.3d at 1003 (6th Cir. 2020) (noting that the court has "the option . . . to excuse a procedural default and review a defaulted claim on the merits if a petitioner demonstrates '(1) cause for the default and actual prejudice, or (2) that the failure to consider the claim will result in a fundamental miscarriage

7

of justice' " (quoting *Williams*, 380 F.3d at 966)). In his response (ECF No. 7), Petitioner suggests

that he can demonstrate cause for his procedural default.

### A.    Cause and Prejudice

To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must

point to "some objective factor external to the defense" that prevented him from raising the issue

in his first appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see McCleskey v. Zant*, 499 U.S.

467, 497 (1991). A petitioner who fails to demonstrate cause and prejudice cannot have a

cognizable claim. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996). Further, where a petitioner

fails to show cause, the court need not consider whether he has established prejudice. *See Engle v.

Isaac*, 456 U.S. 107, 134 n.43 (1982); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985).

Here, Petitioner seems to be offering the shortcomings of the Legal Writers program as the

cause which prevented Petitioner from presenting his federal constitutional issues to the Michigan

Supreme Court in a procedurally appropriate manner. "A showing of cause requires more than the

mere proffer of an excuse." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). The Sixth

Circuit has rejected several "causes" for defaults because they are not factors "external to the

defense." *See Johnson v. Wilson*, 187 F. App'x 455, 458 (6th Cir. 2006) (Petitioner's borderline

mental impairment is not an external factor and cannot be cause to excuse a procedural default);

*Shorter v. Ohio Dep't of Rehabilitation and Corr.*, 180 F.3d 723, 725–726 (6th Cir. 1999) (U.S.

Postal Service's delay in delivering application for leave to appeal is not external to defense where

Petitioner's counsel chose to mail instead of hand deliver the document); *Bonilla v. Hurley*, 370

F.3d 494, 498 (6th Cir. 2004) (Petitioner's pro se status, ignorance of law and procedure, lack of

notice, mistaken beliefs regarding requirements, lack of law library time, or unfamiliarity with the

English language are not external to his defense); *Young v. Parker*, No. 94–6638, 1995 WL 363395, *2 (6th Cir. Jun. 15, 1995) (poor advice from prison case workers, inmate legal aids, or a state provided legal aid agency is not cause where there is no constitutional right to counsel); *McCaslin v. Hatfield*, No. 94–5673, 1995 WL 216911, *2 (6th Cir. Apr. 11, 1995) (bad advice from state funded inmate law clerks is not external to the defense). The Supreme Court has likewise rejected certain errors by counsel as insufficient. *See, e.g., Maples v. Thomas*, 565 U.S. 266, 281 (2012) (stating "when a[n] . . . attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause").

Although the Legal Writers program is not counsel in a constitutional sense, the ineffective assistance of counsel can be "cause," but only if it rises to the level of a Sixth Amendment violation. *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Thus, if Petitioner is not entitled to counsel at the stage of the proceedings where ineffective assistance is rendered, even ineffective assistance of counsel cannot be cause. *Coleman v. Thompson*, 501 U.S. 722, 752–755 (1991); *Ritchie v. Eberhart*, 11 F.3d 5878, 591–592 (6th Cir. 1993). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Because Petitioner was not entitled to counsel at the Michigan Supreme Court on his direct appeal, the ineffective assistance of counsel at that level could not serve as cause to excuse a procedural default. *Martinez v. Ryan*, 566 U.S. 1, 16 (2012); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013); *Tolliver v. Sheets*, 594 F.3d 900, 929 (6th Cir. 2010). As a corollary, failure to raise issues when a prisoner is acting pro se cannot be cause. *Kissner v. Palmer*, 826 F.3d 898, 905 (6th Cir. 2016). If a mistake by counsel or the prisoner cannot serve as cause, certainly Petitioner's

9

proffered excuse of deficiencies in the Legal Writers program does not suffice to justify

Petitioner's failure to timely raise issues in the Michigan Supreme Court. Because Petitioner has

not shown cause for the failure to raise the issues, prejudice need not be considered.

### B.        Fundamental Miscarriage of Justice

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court explained the fundamental

miscarriage of justice exception to the procedural default bar as follows:

> Because Schlup has been unable to establish "cause and prejudice" sufficient to
> excuse his failure to present his evidence in support of his first federal petition, *see
> McCleskey v. Zant*, 499 U.S. 467, 493–494, 111 S. Ct. 1454, 1469–1470, 113 L.
> Ed. 2d 517 (1991), Schlup may obtain review of his constitutional claims only if he
> falls within the "narrow class of cases . . . implicating a fundamental miscarriage
> of justice," *id.*, at 494, 111 S. Ct., at 1470. Schlup's claim of innocence is offered
> only to bring him within this "narrow class of cases."

*Schlup*, 513 U.S. at 314–15 (footnote omitted). Essentially, the actual innocence claim described

in *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas

petitioner must pass to have his otherwise barred constitutional claim considered on the merits."

*Id.* at 315 (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

"'[A]ctual innocence' means factual innocence." *Bousley v. United States*, 523 U.S. 614,

623 (1998). Thus, in order to make a showing of actual innocence under *Schlup*, a petitioner must

present new evidence showing that "it is more likely than not that no reasonable juror would have

convicted [the petitioner]." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513

U.S. at 327); *see also Coleman v. Mitchell*, 244 F.3d 533, 540 (6th Cir. 2001) (noting that actual

innocence requires a showing "that 'in light of the new evidence, no juror, acting reasonably,

would have voted to find him guilty beyond a reasonable doubt'" (quoting *Schlup*, 513 U.S. at

329)), *superseded in other part by statute as recognized in Stewart v. Winn*, 967 F.3d 534, 540

10

(6th Cir. 2020). Given the rarity of such evidence, the allegation of actual innocence has been summarily rejected in virtually every case. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Petitioner does not attempt to introduce new evidence. Rather, he merely attempts to relitigate evidence that was available at the time of trial through his argument that the evidence presented by the prosecution was insufficient for a jury to convict him. Thus, any claim of actual innocence that Petitioner might raise has no merit and cannot justify excusing a procedural default.

For the foregoing reasons, the Court concludes that Petitioner's § 2254 petition is procedurally defaulted. Petitioner has not demonstrated sufficient cause to overcome the default given that the failure to timely file an application for leave to appeal to the Michigan Supreme Court was not external to the defense, and Petitioner cannot rely upon that fact to establish cause. Moreover, any claim of actual innocence raised by Petitioner has no merit and cannot justify excusing the procedural default presented here.

### III.    Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

For the reasons set forth above, Petitioner's § 2254 petition is procedurally defaulted, and Petitioner has not demonstrated sufficient cause to overcome the default. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of

11

appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application is procedurally defaulted. Therefore, a certificate of appealability will be denied. Moreover, for the same reason, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Conclusion

The Court will enter an order granting Petitioner leave to proceed *in forma pauperis* and denying a certificate of appealability. The Court will also enter a judgment dismissing the petition with prejudice as procedurally defaulted.

Dated:   July 28, 2026                          /s/ Ray Kent
                                                Ray Kent
                                                United States Magistrate Judge

12